UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANIYYAH RASHEED,<br><br>               Plaintiff,<br><br>v.<br><br>MT. SAN ANTONIO COLLEGE, *et al.*<br>               Defendants. | Case No. 2:21-cv-05259-SSS-KSx<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. 29]** |

Before the Court is Defendants Mt. San Antonio College's (the "College") and Mt. San Antonio College Board of Trustees' (the "Board") (collectively, the "Defendants") Motion for Summary Judgment ("Motion"). [Dkt. 29]. The Motion is fully briefed and ripe for consideration. For the following reasons, the Defendants' Motion is GRANTED.

## I. BACKGROUND

Plaintiff Saniyyah Rasheed began attending the College in 1975. [Dkt. 29-2 at 17, ¶19(C)]. Rasheed continued to attend the College on and off from 1975 to 2019. [Dkt. 29-2 at 17, ¶19(C)]. On December 4, 2017, the College held a Disciplinary Conference for Rasheed. [Dkt. 29-3 at 70]. At the Disciplinary Conference, Rasheed stated that she had been sexually assaulted by faculty member Grace Hansen in the fall of 2016. [Dkt. 29-3 at 70]. Rasheed stated that, during a medical appointment in the Health Center, Hansen placed her hand on Rasheed's thigh while taking her blood pressure. [Dkt. 34-2 at 10, ¶55].

On January 18, 2018, the College began its investigation into Rasheed's allegations. [Dkt. 29-3 at 70]. The investigation included interviews of Rasheed, Hansen, Associate VP of Student Services Thomas Mauch, and Director of Health Services Marguerite Whitford. [Dkt. 29-3 at 73]. Hansen denied ever being in an exam room with Rasheed and further denied the sexual assault. [Dkt. 34-2 at 10, ¶57]. Whitford stated that Hansen did not go into exam rooms unless she was accompanied by Student Health Center staff and does not take student's blood pressure. [Dkt. 34-2 at 10, ¶¶62–63].

The investigation concluded that "it was more likely than not that Ms. Hansen had not met with [Rasheed] in the exam room in the Fall of 2016." [Dkt. 29-1 at 8, ¶65]. On May 9, 2018, Hansen was given a summary of the investigative report and informed of her right to appeal the decision. [Dkt. 34-2 at 11, ¶¶66–67]. Rasheed did not appeal the decision. [Dkt. 34-2 at 11, ¶68].

1    Rasheed continued to accuse Hansen of sexual assault. [Dkt. 34-2 at 11, ¶69].
2    On October 8, 2018, Rasheed was given a warning that the repetition of
3    statements the investigation found to be false may be grounds for disciplinary
4    action pursuant to the College's Standard of Conduct. [Dkt. 34-2 at 12, ¶73].
5           On August 28, 2018, Rasheed attended a class she had been dropped
6    from. [Dkt. 34-2 at 12, ¶74]. Police and Campus Security instructed Rasheed to
7    leave the classroom, but Rasheed refused to leave. [Dkt. 34-2 at 12, ¶75]. On
8    September 6, 2018, Rasheed was instructed to attend a Discipline Conference
9    regarding the classroom incident. [Dkt. 34-2 at 12, ¶78]. Rasheed was provided
10   information on the College's policies regarding the procedure for student
11   discipline. [Dkt. 34-2 at 12, ¶79]. On October 17, 2018, the College began
12   expulsion proceedings against Rasheed. [Dkt. 24-2 at 13, ¶80]. Rasheed was
13   suspended pending the outcome of the Student Conduct Board Hearing. [Dkt.
14   34-2 at 13, ¶82].
15          On December 5, 2018, the Student Conduct Board Hearing was held to
16   address Rasheed's continued sexual assault allegations against Hansen as well
17   as the classroom incident. [Dkt. 34-2 at 13, ¶83]. Two days later the Student
18   Conduct Board decided to expel Rasheed. [Dkt. 34-2 at 13, ¶84]. On June 26,
19   2019, the Board voted to expel Rasheed from the College. [Dkt. 34-2 at 14,
20   ¶87]. On July 3, 2019, Rasheed was given a Notice of Expulsion expelling her
21   from the College indefinitely. [Dkt. 29-3 at 129–30]. On June 28, 2021,
22   Rasheed initiated this action. [Dkt. 1].

## II.  Legal Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party. *See Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). However,

"the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Under this standard, the moving party has the initial burden of informing the court of the basis for its motion and identifying the portions of the pleadings and the record that it believes demonstrate the absence of an issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Id.* at 325. Instead, the moving party need only prove there is an absence of evidence to support the nonmoving party's case. *Id.*; *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party sustains its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A.    Title IX**

The Defendants argue Rasheed's Title IX claim is time-barred and, even if it was not time-barred, Rasheed is unable to state a Title IX claim. [Dkt. 29 at 16–20]. Rasheed argues her Title IX claim is timely and that she is able to show a genuine dispute of material fact as to her Title IX retaliation claim. [Dkt. 34-1 at 2–6]. The Court considers the statute of limitations issue and the merits of Rasheed's Title IX claim below.

### 1. Time-Barred

The Defendants argue Rasheed's Title IX claim is time-barred because Rasheed's Title IX claim began running on December 4, 2017, when she first made the claim that she had been sexually assaulted. [Dkt. 29 at 17]. Rasheed argues her Title IX claim is not time-barred because the statute of limitations began running on either July 3, 2019, when the College gave her written notice of their decision to expel her, or on June 26, 2019, when her expulsion was made final. [Dkt. 34-1 at 2–4]. For the following reasons, the Court finds that Rasheed's claim is not time-barred.

"Title IX claims are subject to the applicable state statute of limitations for personal injury actions." *Stanley v. Trustees of California State University*, 433 F.3d 1129, 1136 (9th Cir. 2006). In California, the statute of limitations is two-years. Cal. Code of Civil Procedure § 335.1; *Barnett v. Kapla*, No. ---, 2020 WL 6737381, at *7 (N.D. Cal. Sept. 8, 2020). Federal law dictates the point at which the statute of limitations begins to run. *Karasek v. Regents of University of California*, 500 F. Supp. 3d 967, 978 (N.D. Cal. 2020). The statute of limitations begins to run "when the plaintiff has a complete and present cause of action." *Id.* (quoting *Wallce v. Kato*, 549 U.S. 384, 388 (2007)). "The court has often reiterated that a plaintiff does not need to know that she possesses a legal cause of action, she must simply be aware of the actual injury and its cause." *Id.* at 979.

Here, Rasheed's Title IX injury stems from what she alleges was retaliation for her continued speech about her sexual assault claim. [Dkt. 34-1 at 4–6]. Retaliation for complaints of sexual assault is a kind of sex discrimination under Title IX. *Doe v. University of Pacific*, No. CIV. S-09-764 FCD/KJN, 2010 WL 5135360, at *16 (E.D. Cal. Dec. 8, 2010). Therefore, the injury at issue is the alleged retaliation, not the alleged sexual assault. As such, the

proper accrual date for Rasheed's Title IX claim is the date she received written notice of her expulsion: July 3, 2019. [Dkt. 29-3 at 129–30]. Because Rasheed filed her claim on June 28, 2021, she was still within the 2-year statute of limitations. Accordingly, the Court finds that Rasheed's Title IX claim is not time-barred.

### 2. Failure to Establish Cause of Action

Title IX "encompass[es] diverse forms of intentional sex discrimination." *Jackson v. Birmingham Bd.of Education*, 544 U.S. 167, 183 (2005). "[W]hen a funding recipient retaliates against a person because he complains of sexual discrimination, this constitutes intentional discrimination on the basis of sex in violation of Title IX." *Doe v. University of Pacific*, No. CIV. S-09-764 FCD/KJN, 2010 WL 5135360, at *16 (E.D. Cal. Dec. 8, 2010); *see also* . *Schwake v. Arizona Board of Regents*, 957 F.3d 840, 976 (9th Cir. 2020) (stating that Title IX bars university discipline where gender is the motivating factor in the decision to discipline).

To prevail on a claim of retaliation under Title IX, plaintiff must establish a prima facie case that she was retaliated against because she complained of sex discrimination. *Doe v. University of Pacific*, 467 F. App'x 685, 687 (9th Cir. 2012). Specifically, plaintiff must show that: (1) the plaintiff engaged in a protected activity; (2) the plaintiff experienced a materially adverse action either after or contemporaneously with the protected activity; and (3) there was a causal link between the protected activity and adverse action. *Emeldi v. Univ. of Oregon*, 673 F.3d 1218, 1224 (9th Cir. 2012), If plaintiff is able to satisfy her prima facie burden, the burden then shifts to defendant to show that there was a legitimate nondiscriminatory reason for its conduct. *Id*. The burden then shifts back to plaintiff to show that defendant's legitimate non-discriminatory reason is pretextual. *Id*. Pretext is demonstrated through "'weaknesses, implausibilities, inconsistencies, or contradictions' in the proffered explanation

such that a fact finder could rationally find the reason unworthy of credence." *Id*. (quoting *Atkinson v. Lafayette College*, 653 F. Supp. 2d 581, 607 (E.D. Pa. 2009).

     Here, Rasheed is unable to meet the causation requirement as a matter of law. Specifically, Rasheed cannot show that there is a genuine issue of material fact as to whether she was expelled because of her continued accusations against Hanson. On August 28, 2018, Rasheed refused to leave a classroom after being directed to do so by the professor, the police, and campus security. [Dkt. 34-2 at 12, ¶¶74–76]. On September 6, 2018, the College sent Rasheed an email scheduling a Disciplinary Conference to discuss the August 28, 2018 incident. [Dkt. 29-3 at 5, ¶30]. On October 8, 2018, Rasheed was given a warning about her continued accusations against Hanson. [Dkt. 29-3 at 4, ¶28]. Both the August 28, 2018 incident and Rasheed's continued accusations against Hansen were considered by the College in determining whether to expel Rasheed. [Dkt. 29-3 at 110–15]. Ultimately the Defendants concluded that Rasheed should be expelled because her actions violated the College's standard of conduct. [Dkt. 29-3 at 129–30]. Rasheed provides no facts suggesting that but for her continued accusations against Hansen that she would not have been expelled. Accordingly, the Court find that Rasheed cannot show that her expulsion was retaliatory pursuant to Title IX.

**B.**    **First Amendment and Article 1 § 2 of the California Constitution**

     To prove that a defendant violated his First Amendment rights, a plaintiff must establish that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's actions. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006) (citing *Mendocino Envt'l Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)); *see also Nieves v.*

*Bartlett*, 139 S. Ct. 1715, 1722 (2019) ("[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." (internal quotations omitted)). Plaintiff must further establish a causal connection between the defendant's retaliatory actions and the plaintiff's resulting injury. *Nieves*, 139 at 1722; *see also Johnson v. County of San Bernadino*, No. EDCV 18-2523, 2020 WL 5224350, at *15 (C.D. Cal. June 24, 2020) (noting that plaintiff must "[show] a nexus between the defendant's actions and an intent to chill speech."). Specifically, defendant's retaliatory actions must be the but-for cause of plaintiff's injury. *Colonies Partners LP*, No. EDCV 18-420 JGB (SHKx), 2020 WL 5102160, at *20 (citing *Hartman v. Moore*, 547 U.S. 250, 260 (2006).

  Here, Rasheed is unable to show First Amendment retaliation as a matter of law. Specifically, Rasheed cannot show that she was engaged in protected speech. Rasheed continued to claim that Hansen sexually assaulted her after the College had investigated the claim and found it to be without merit. [Dkt. Dkt. 29-3 at 4, ¶28]. The College's Standards of Conduct states that students may be subject to discipline for "[e]ngaging in expression which is. . .libelous, or slanderous. . ." [Dkt. 29-3 at 5, ¶¶32–33]; [Dkt. [Dkt. 29-3 at 114]. As the College is a limited public forum, the Court need only determine whether this rule is reasonable and viewpoint neutral. *See Souders v. Lucero*, 196 F.3d 1040, 1044–45 (9th Cir. 1999) (holding that university's are different from other public forums due to its authority and flexibility to impose regulations to further its mission); *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983); *O'Brien v. Welty*, 818 F.3d 920, 931 (9th Cir. 2016) ("Therefore, the university could regulate speech and expressive conduct as long as the regulation was reasonable and viewpoint neutral." (internal quotations omitted)). The rule is clearly viewpoint neutral because it prohibits libel and slander regardless of the view it is intended to support. Additionally, the rule is

reasonable because it is "consistent with the university's interest in 'preserving the property. . .for the use to which it is lawfully dedicated,' i.e., ensuring a safe context for learning and teaching." *O'Brien*, 818 F.3d at 931 (quoting *Perry*, 460 U.S. at 50–51). As such, the College's application of the Standard of Conduct to Rasheed's continued accusations against Hansen, despite the College finding them to be without merit, was reasonable. Accordingly, Rasheed was not engaged in protected speech and she is unable to show First Amendment retaliation as a matter of law.

Further, because California follows federal law for free expression claims arising in the school setting, the Court finds that Rasheed is unable to state a claim for a violation of Article 1 § 2 of the California Constitution. *See Dariano v. Morgan Hill Unified Sch. Dist.*, 767 F.3d 764, 776 n.4 (9th Cir. 2014); *Chen Through Chen v. Albany Unified Sch. Dist.*, No. 20-16540, 2022 WL 17957458, at *12 (9th Cir. Dec. 27, 2022).

**C.     Education Code § 66301**

Under California Education Code § 66301(a),

> Neither the Regents of the University of California, the Trustees of the California State University, the governing board of a community college district, nor an administrator of any campus of those institutions, shall make or enforce a rule subjecting a student to disciplinary sanction solely on the basis of conduct that is speech or other communication that, when engaged in outside a campus of those institutions, is protected from governmental restriction by the First Amendment to the United States Constitution or Section 2 of Article I of the California Constitution.

California courts have interpreted this section to mean that "students have the same free speech rights on campus that they have off-campus." *Crosby v. South Orange Cty. Community College Dist.*, 172 Cal. App. 4th 433, 441 (Cal. Ct. App. Feb. 18, 2009).

Here, Rasheed is unable to show that the Defendants violated Education Code § 66301 as a matter of law. The College prohibits libelous or slanderous expression. Outside of the College, libelous or slanderous expression is also prohibited. *See, e.g.*, *Shahid Buttar for Congress Committee v. Hearst Communications, Inc.*, No. 21-cv-05566-EMC, 2022 WL 1215307, at *6 (N.D. Cal. Apr. 25, 2022) (outlining the legal standard for libelous speech against public figures); *see also Brown v. Dash*, No. CV 20-10676 DSF (Ex), 2021 WL 4899021, at *6 (C.D. Cal. Sept. 29, 2021) (outlining the legal standard for libelous speech against limited public figures and non-public figures). Accordingly, the College's Standards of Conduct regarding libelous or slanderous speech does not violate California Education Code § 66301. As such, Rasheed's expulsion pursuant to the College's Standards of Conduct did not violate California Code § 66301 as a matter of law.

E. **Attorney's Fees**

Under California Code of Civil Procedure § 1038(a), public entities are entitled to attorney's fees where the Court determines that the proceeding was not brought in good faith and with reasonable cause. "A defendant may not recover section 1038 costs simply because it won a summary judgment or other dispositive motion; victory does not per se indicate lack of reasonable cause." *Burkot v. County of Los Angeles*, No. B306244, 2022 WL 4232217, at *9 (Cal. Ct. App. Sept. 14, 2022) (internal quotations omitted).

Here, the Court finds that Rasheed's claim did not rise to the level of being unreasonable or in bad faith. Although Rasheed was ultimately unable to show that her expulsion was retaliatory, she has demonstrated a good faith belief that the expulsion was improper. Moreover, Defendants are unable to show that no reasonable attorney would accept Rasheed's claim. *See, e.g.*, *Knight v. City of Capitola*, 4 Cal. App. 4th 918, 932 (1992), disapproved of on other grounds

by *Reid v. Google, Inc.*, 50 Cal. 4th 512, 532 n. 7 (2010). Accordingly, the Court declines to grant the Defendants attorney's fees.

### IV. CONCLUSION

Because Rasheed is unable to show that there are genuine issues of material fact regarding her claims for Title IX retaliation, First Amendment retaliation, violation of Article 1 § 2 of the California Constitution, and violation of the California Code of Education § 66301, the Defendants' Motion for Summary Judgment [Dkt. 29] is **GRANTED.** Accordingly, Rasheed's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: January 10, 2023

_____
SUNSHINE S. SYKES
United States District Judge